# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Howard Mills, Superintendent of Insurance of the State of New York, as Rehabilitator of FRONTIER INSURANCE COMPANY IN REHABILITATION, a New York Corporation,<br><br>                              Plaintiff,<br><br>   vs.<br><br>RAMONA TIRE, INC., a California Corporation; and DOES 1 through 50 inclusive,<br><br>                              Defendants. | CASE NO. 07-CV-0052-H (AJB)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTY AND GRANTING PLAINTIFF'S MOTION TO AMEND |

On January 8, 2007, defendant Ramona Tire, Inc. ("Defendant") removed the Riverside County Superior Court case <u>Frontier Insurance Company in Rehabilitation v. Ramona Tire, Inc.</u>, case number RIC459479, to this Court. (Doc. No. 1.) On August 9, 2007, Defendant filed a motion for judgment on the pleadings and a motion to dismiss for failure to join an indispensable party. (Doc. Nos. 11-13.) On August 20, 2007, plaintiff Frontier Insurance Company in Rehabilitation ("Plaintiff") filed a motion to amend the complaint to add an additional cause of action and an additional defendant. (Doc. No. 16.) On September 4, 2007, Plaintiff filed an opposition to

Defendant's motion for judgment on the pleadings and motion to dismiss for failure to join an indispensable party. (Doc. No. 17.) On September 10, 2007, Defendant filed an opposition to Plaintiff's motion for leave to amend its complaint and a reply brief regarding Defendant's motions to dismiss and for judgment on the pleadings. (Doc. Nos. 18-20.) On September 12, 2007, Plaintiff filed a reply brief regarding its motion to amend the complaint. (Doc. No. 22.)

The Court exercises its discretion, pursuant to Civil Local Rule 7.1(d)(1), to decide these motions on the papers without oral argument. For the following reasons, the Court **DENIES** Defendant's motion for judgment on the pleadings, **DENIES** Defendant's motion to dismiss for failure to join an indispensable party, and **GRANTS** Plaintiff's motion to amend.

## **Background**

Plaintiff is an insurance company. (Compl. ¶ 1.) In its complaint, Plaintiff alleges that in or around 1999, Plaintiff issued a workers' compensation insurance policy to Defendant to cover Defendant's employees, policy number W200001466 (the "Policy"). (Id. ¶ 11-12, 14-15.) In association with obtaining the Policy from Plaintiff, Defendant, with the assistance of its attorneys now known as Hanson & Hales, created a "captive" insurance company.[1] (Id. ¶¶ 12-13.) The captive insurance company created by Defendant, Automotive Services Insurance Limited ("ASIL"), is incorporated in Guernsey, one of the Channel Islands between England and France. (Id. ¶ 13.) Effective May 1, 1999, Plaintiff entered into an agreement (the "Reinsurance Agreement") with ASIL by which ASIL agreed to reimburse Plaintiff for the first $250,000 of any single claim made against Plaintiff under the Policy. (Id. ¶ 14.)

Over the next 5 years, Plaintiff paid a total of $392,485.76 from 22 claims made under the Policy. (Id. ¶ 17.) Each time a claim was made, Plaintiff issued a request for

---

[1] A "captive" insurance company is generally a wholly owned insurance subsidiary of an organization not in the insurance business whose primary function is to insure some or all of the risks of its parent. (Compl. ¶ 12.)


07cv52

reimbursement from ASIL, totaling $361,788. (Id. ¶ 18.) ASIL made 2 payments to Plaintiff, one on May 30, 2000 for $36,359.07 and one on December 15, 2000 for $33,702.60. (Id. ¶ 19.) Plaintiff alleges that a balance remains for unreimbursed claims paid by Plaintiff totaling $291,726.33. (Id.) In addition, Plaintiff alleges there are 2 open claims totaling $286,270, so that the total amount owed to Plaintiff is $577,996.33. (Id. ¶ 20.)

On January 26, 2006, Hanson & Hales wrote Plaintiff on behalf of ASIL offering to resolve the dispute between Plaintiff and ASIL. (Id. ¶ 21.) In its letter, Hanson & Hales stated that Plaintiff failed to timely inform ASIL of certain claims and stated that ASIL refused to pay on those claims. (Id.) ASIL, through Hanson & Hales, offered to settle with Plaintiff for $50,000. (Id.) On April 18, 2006, Plaintiff wrote Hanson & Hales explaining that certain claims were delivered late to ASIL because Hanson & Hales incorrectly stated the date of the incident in its tender letter on behalf of Defendant. (Id. ¶ 22.) Plaintiff demanded payment of $577,996 from ASIL under the Reinsurance Agreement based on claims paid by Plaintiff under the Policy. (Id.) On May 30, 3006, Hanson & Hales wrote Plaintiff a letter stating that it did not represent ASIL. (Id. ¶ 23.)

On July 18, 2006, ASIL wrote Plaintiff a letter stating that it was underfunded by its shareholders and was incapable of paying the claims as promised. (Id. ¶ 24.) ASIL made a settlement offer. (Id.)

On October 26, 2006, Plaintiff filed suit in Riverside County alleging that Defendant purposely underfunded ASIL so as not to pay its obligations to Plaintiff. (Id. ¶¶1-25.)  Plaintiff brought claims for fraud, false promise, negligent misrepresentation, unjust enrichment, and money had and received against Defendant. (Id. ¶¶ 1-61.) On January 9, 2007, Defendant removed Plaintiff's suit to this court. (Notice Filing Notice Removal Civil Action Defendant, 1-2.) On March 12, 2007, Defendant filed an answer. On August 9, 2007, Defendant filed a motion for judgment on the pleadings and a motion to dismiss for failure to join ASIL as a party in the suit.

(Def. Ramona Tire, Inc.'s Brief Supp. Consolidated Mot. J. Pleadings and Mot. Dismiss, 1-7.) On August 20, 2007, Plaintiff filed a motion to amend its complaint to add Hanson & Hales as a defendant and to add allegations of conspiracy.

## Discussion

**I.     Defendant's Motion for Judgment on the Pleadings**

**A.     Legal Standards for Judgment on the Pleadings**

Defendant has moved for a judgment on the pleadings regarding Plaintiffs' entire suit against it under Rule 12(c) of the Federal Rules of Civil Procedure for being time barred. "After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. Proc. 12(c). A motion pursuant to Rule 12(c) is virtually interchangeable with a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, except that a 12(c) motion may be brought after the close of the pleadings. See William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 9:319, pp. 9-98 to 9-99 (The Rutter Group 2006). A judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989); see also R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, AFL-CIO, 335 F.3d 643, 647 (7th Cir. 2003). When ruling on a 12(c) motion, the court must assume the truthfulness of the material facts alleged in the complaint. See General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989).

As a general matter, a court may not consider factual material extrinsic to the complaint in deciding a motion for judgment on the pleadings. See Hal Roach Studios, 896 F.2d at 1550. However, a court may consider facts that are contained in materials of which the court may take judicial notice. See Heliotrope General, Inc. v. Ford Motor Co., 189 F.3d 971, 981 n.18 (9th Cir. 1999). Also, the Court may consider materials

properly attached to a complaint as exhibits in deciding a motion for judgment on the pleadings. See Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891n. 4 (5th Cir. 1998); see also Hal Roach Studios, 896 F.2d at 1555 (material which is properly submitted as part of the complaint may be considered on motion to dismiss); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (court, in ruling on motion to dismiss, may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading or documents that defendant attaches to motion to dismiss which plaintiff's claim depends upon).

## B. Statute of Limitations

Defendant argues that Plaintiff's claims should be dismissed as they are time-barred by the statute of limitations. Federal courts exercising diversity jurisdiction use the relevant state's statute of limitation. See Nevada Power Co. v. Monsanto Co., 955 F.2d 1304, 1306 (9th Cir. 1992). In California, "[t]he statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded." Quintilliani v. Mannerino, 62 Cal. App. 4th 54, 66 (1998) (quoting Day v. Greene, 59 Cal. 2d 404, 411 (1963)). It is the gravamen of the complaint, not the form of action, that determines the limitations period. See id. (citing Davis & Cox v. Summa Corp., 751 F.2d 1507, 1520 (9th Cir. 1985)).

The gravamen of Plaintiff's claims is that Defendant fraudulently or mistakenly underfunded ASIL so as not to pay its obligations to Plaintiff. Section 338(d) of California's Code of Civil Procedure provides a three-year statute of limitations for an action for relief on the ground of fraud or mistake. The cause of action of a claim for fraud or mistake "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d); see also Williamson v. General Dynamics Corp., 208 F.3d 1144, 1155 (9th Cir. 2000). "Accrual may also be defined as when the 'the plaintiff discovers, or has reason to discover the cause of action.'" Williamson, 208 F.3d at 1155 (citing Norgart v. Upjohn

Co., 21 Cal. 4th 383, 389 (1999)); see also Brandon G. v. Gray, 111 Cal. App. 4th 29, 35 (2003) (In fraud action, the claim accrues as of "the date the complaining party learns, or at least is put on notice, that a representation was false."). This is known in California as the "discovery rule." Norgart, 21 Cal. 4th at 389. "Once the statute of limitations is tolled, § 338(d) 'does not in any way limit a plaintiff's ability to recover for events that occurred more than three years prior to accrual or filing.'" Williamson, 208 F.3d at 1155. Under California law, a plaintiff has reason to discover a cause of action, for purposes of determining the limitations period accrual date under the discovery rule, when he has reason at least to suspect a factual basis for its elements. See Soliman v. Philip Morris Inc., 311 F.3d 966, 971 (9th Cir. 2002).

Plaintiff filed their suit on October 26, 2006. Therefore, the Court may only grant Defendant's motion if, viewing the allegations of the complaint in the light most favorable to Plaintiff, the Court concludes that Plaintiff discovered or at least had reason to suspect a factual basis for the elements of its claims before October 26, 2003. Defendant argues that since Plaintiff alleged that ASIL made its last payment to Plaintiff on December 15, 2000, Plaintiff had reason to discover its fraud claim as of at least early 2001. Plaintiff counters that it only had reason to become suspicious that Defendant had defrauded it by underfunding ASIL as of January 26, 2006, the date it received a letter from ASIL, through Hanson & Hales, offering to resolve the outstanding balance.

The Court concludes that viewing the allegations in the light most favorable to Plaintiff, it cannot determine that Plaintiff had a reason to suspect a factual basis for the elements of its fraud and other claims before October 26, 2003. Plaintiff alleges that ASIL made a payment to Plaintiff on December 15, 2000 for $33,702.60. At what point after that Plaintiff had reason to conclude that Defendant was attempting to defraud it by underfunding ASIL can only be determined by considering evidence beyond the pleadings regarding the communications between Plaintiff, Defendant, and ASIL. The Court may only evaluate such evidence pursuant to a motion for summary

judgment. Accordingly, the Court denies Defendant's motion for judgment on the pleadings based on Plaintiff's claims being time barred.

## II. Defendant's Motion to Dismiss for Failure to Join an Indispensable Party

### A. Legal Standards

Federal Rule of Civil Procedure 19(a) states:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Rule 19(a) describes parties traditionally denominated as "necessary" parties, that is those parties who should be joined to a suit if feasible. See Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 867 & n.5 (9th Cir. 2004).

Rule 19(b), however, addresses parties who are "indispensable," that is parties whose participation is so important to the resolution of a case that, if the joinder of the party or parties is not feasible, the suit must be dismissed. See id. Rule 19(b) states:

> If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The Ninth Circuit has stated that a non-party is indispensable to an action if "(1) the non-party is 'necessary' under Rule 19(a); (2) the non-party cannot be joined (due to sovereign immunity, for example); and (3) the non-party's absence would mandate dismissal according to a weighing of the factors outlined in Rule 19(b)." Yellowstone County v. Pease, 96 F.3d 1169, 1172 (9th Cir. 1996). Indispensability can

only be determined in the context of particular litigation. See Merrill Lynch, Pierce, Fenner and Smith, Inc. v. ENC Corp., 464 F.3d 885, 891 (9th Cir. 2006). "Only if equity and good conscience require it is a necessary party also indispensable." See id.

**B.     Analysis**

Defendant argues that ASIL is an indispensable party that cannot be joined, and therefore the suit should be dismissed. Defendant asserts that ASIL is a necessary party because in ASIL's absence complete relief cannot be accorded among those already parties to the suit since Plaintiff's claims stem from ASIL's contract with Plaintiff. The Court concludes, however, that complete relief may be accorded among the parties to this suit despite ASIL's absence as a party. Plaintiff is not suing for breach of the Reinsurance Agreement, but rather is suing for fraud based on representations made by Defendant in association with the Policy Plaintiff issued to Defendant. Simply because a non-party is a potential joint obligor does not make that nonparty an indispensable party. See Trans Pacific Corp. v. South Seas Enterprises, Limited, 291 F.2d 435, 436 (9th Cir. 1961); see also Ward v. Deavers, 203 F.2d 72, 75-76 (D.C. Cir. 1953). Here, ASIL is not needed for complete relief to be accorded among the parties to this suit. Accordingly, the Court denies Defendant's motion to dismiss for failure to join an indispensable party.

**III.    Plaintiff's Motion to Amend the Complaint**

**A.     Legal Standards**

Rule 15(a) of the Federal Rules of Civil Procedure provides that, after a responsive pleading has been served, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party . . . ." Fed. R. Civ. P. 15(a). Rule 15 states that leave to amend "shall be freely given when justice so requires." Id. The decision of whether to grant or deny leave to amend is within discretion of the trial court, but ordinarily leave to amend should be freely given in the absence of prejudice to the opposing party. See Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983).

In this circuit, courts typically consider four factors in deciding whether to grant

a motion for leave to amend a complaint: (1) bad faith or dilatory motive on the part of the movant; (2) the futility of the proposed amendment; (3) undue delay in filing the motion; and (4) prejudice to the opposing party. See Roth v. Marquez, 942 F.2d 617, 628 (9th Cir. 1991) (citing DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)). A proposed amendment can be denied for being futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The party opposing the motion for leave to amend a complaint bears the burden of showing any of the above four factors. See DCD Programs, 833 F.2d at 186. Amendments seeking to add claims are to be granted more freely than amendments adding parties. See Union Pac. R.R. Co. v. Nevada Power Co., 950 F.2d 1429, 1432 (9th Cir. 1991).

**B.   Analysis of Plaintiff's Motion to Amend Complaint**

**1.   Futility of Amendment**

Plaintiff seeks to add Defendant's law firm, Hanson & Hales, as a defendant to this suit so that it may also allege claims for fraud, false promise, negligent misrepresentation, and unjust enrichment against Hanson & Hales, as well as add allegations of conspiracy under California law against Hanson & Hales and Defendant. Defendant argues that the Court should deny Plaintiff's motion because the amendment would be futile since no cognizable claim for conspiracy exists, Hanson & Hales owed no duty to Plaintiff, and because Plaintiff's claim is time-barred.

**a.   Fraud, False Promise, Negligent Misrepresentation, and Unjust Enrichment Claims**

Plaintiff argues, relying on Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone, 107 Cal. App. 4th 54, 84 (2003), that adding claims for fraud, false promise, negligent misrepresentation, and unjust enrichment against Hanson & Hales would not be futile because Hanson & Hales had an independent legal duty to provide truthful information to Plaintiff, which Hanson & Hales violated by concealing and

1  misrepresenting the dates of claims made on the Policy so that ASIL could later deny
2  Plaintiff's claims for reimbursement as untimely. In Shafer, the plaintiffs obtained a
3  judgment against an insurance company's client (the "insureds"). See 107 Cal. App.
4  4th at 62. Plaintiffs subsequently demanded payment of the judgment from the
5  insurance company by letter to the insurance company's attorneys. See id. at 64. The
6  insurance company responded, through its attorney, by paying a portion of the
7  judgment and denying that it owed the balance because it was based on a judgment
8  pursuant to an intentional tort, for which, the insurance company claimed, the insureds
9  were not covered under their insurance policy. See id.

10  Years later, the plaintiffs discovered for the first time that the insurance company
11  had actually agreed to indemnify the insureds for willful acts. See id. at 66. The
12  plaintiffs sued the insurance company for the unpaid portion of the judgment, alleging
13  claims for breach of contract, bad faith, and fraud. See id. The plaintiffs also sued the
14  insurance company's attorneys for fraud based on their representation that the
15  insurance company had not agreed to provide indemnity for willful acts. See id. In an
16  amended complaint, Plaintiffs realleged its fraud claim against the attorneys and added
17  a claim for conspiracy against the insurance company and their attorneys. See id. The
18  trial court sustained the attorneys' demurrer to the plaintiffs' claims against them on
19  the basis that the insurance company's attorneys did not owe the plaintiffs a duty of
20  truthful disclosure, plaintiffs could not have justifiably relied on any statements made
21  by the attorney, and because the conspiracy claim was barred by section 1714.10 of
22  California's Civil Code. See id. at 66-67.

23  The California Court of Appeal reversed, concluding that the insurance
24  company's attorneys owed plaintiffs a duty not to make fraudulent statements. See id.
25  at 67-75. "If an attorney commits actual fraud in his dealings with a third party, the
26  fact he did so in the capacity of attorney for a client does not relieve him of liability."
27  Id. at 69. Rather, "a lawyer who makes a fraudulent misrepresentation is subject to
28  liability to the injured person when the other elements of the tort are established." Id.

at 69-70. Since the insurance company's attorneys knew the insurance company had agreed to cover the insureds for willful acts, their alleged misrepresentation to the contrary was a violation of their duty not to make fraudulent statements and was actionable as a fraud claim. See id. at 74-75. The Shafer court also concluded that the plaintiffs justifiably relied on the attorneys' statements. See id. at 67, 75-76.

Here, Plaintiff argues that it should be able to bring its fraud and other claims against Hanson & Hales based on their alleged concealment and misrepresentations regarding claims on the policy until such time as ASIL could deny Plaintiff's reimbursement claims as untimely. Based on this argument, the Court cannot conclude that there is no set of facts that can be alleged in an amended complaint that would constitute a valid and sufficient claim for fraud against Hanson & Hales. Therefore, Plaintiff's fraud and related claims are not futile. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

### b. Conspiracy Claim

Under California law, there is no separate cause of action for civil conspiracy. See Kesmodel v. Rand, 119 Cal. App. 4th 1128, 1140 (2004); Kidron v. Movie Acquisition Corp. 40 Cal. App. 4th 1571, 1581 (1995). Conspiracy is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994). Hence, when a complaint charges a conspiracy and the commission of a wrongful act, the only significance of the conspiracy charge is that each member may be held responsible as a joint tortfeasor for the wrongful act, regardless of whether that member directly participated in the act. See Saunders v. Superior Court, 27 Cal. App. 4th 832, 845 (1994); Barney v. Aetna Cas. & Surety Co., 185 Cal. App. 3d 966, 983 (1986); see also 5 B.E. Witkin, Summary Of California Law: Torts, § 45 (10th ed. 2005). "By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy, [and i]n this way, a coconspirator incurs tort liability co-equal with the immediate tortfeasors."

1  Applied Equipment Corp., 7 Cal. 4th at 511.

2  "[T]ort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to [the] plaintiff recognized by law and is potentially subject to liability for breach of that duty." Id. In general, a cause of action for civil conspiracy may not arise if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing and was acting only as the agent or employee of the party who did have that duty. See Shafer, 107 Cal. App. 4th at 84.

Furthermore, unless an attorney has an independent legal duty to a plaintiff or an attorney's acts go beyond the performance of a professional duty to serve a client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain, a claim alleging a civil conspiracy between an attorney and a client based on the attorney's representation of the client cannot be included in a complaint under California law unless a court makes an order allowing it after determining that the party has established a reasonable probability that the party will prevail in the action. See Cal Civ. Code § 1714.10(a).

Defendant argues that the Court should deny Plaintiff's motion to amend the complaint to add allegations of conspiracy because such an amendment would be futile because Hanson & Hales owned no duty to Plaintiff. "The relationship of attorney and client is one of agent and principal." Shafer, 107 Cal. App. 4th 54. "In general, an attorney owes a duty of care, and is thus answerable for a breach of that duty, only to the client with whom he or she stands in privity." Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802, 831 (2005). Therefore, Plaintiff may not allege a conspiracy involving Hanson & Hales arising, for example, simply out of Hanson & Hales' involvement in the creation of ASIL, or because Hanson & Hales represented both Defendant and ASIL.

An attorney does, however, have an independent duty to avoid defrauding third parties, the violation of which allows a plaintiff to bring a conspiracy claim against

attorneys and their clients. See id. at 825; see also Shafer, 107 Cal. App. 4th at 84 (an exception to the general rule that agents cannot conspire with their principals is the rule that a third party can bring a conspiracy claim against an attorney who conspires with his client to cause injury by violating the attorney's own duty to provide truthful information to the third party). Plaintiff seeks to add conspiracy to defraud allegations against Defendant & Hanson & Hales based on their alleged misrepresentations to Plaintiff, including Hanson & Hales' alleged misrepresentations regarding claims made on the policy. Such claims do allege a breach of Hanson & Hales' duty not to defraud Plaintiff. Furthermore, since the allegations involve Hanson & Hales' independent legal duties to Plaintiff, Plaintiff need not meet the requirements of 1714.10(a). See Cal Civ. Code § 1714.10(c); see also Shafer, 107 Cal. App. 4th at 84-85. Therefore, the Court concludes that it would not necessarily be futile for Plaintiff to add allegations of conspiracy to defraud Plaintiff against Hanson & Hales to its complaint. The Court notes, however, that its conclusion that Plaintiff may amend its complaint to add allegations of fraud, conspiracy, and other claims against Hanson & Hales does not prevent Hanson & Hales from bringing a motion to dismiss[2] or a motion for summary judgment regarding those claims.

### c.     Statute of limitations

Defendant argues that the Court should deny Plaintiff's motion to amend because the amendments would be futile as they would be time-barred by the statute of limitations. Defendant basically repeats his arguments from his motion for judgment on the pleadings. Since the Court may only deny Plaintiff's motion to amend for futility only if no set of facts can be alleged that would constitute a valid and sufficient claim or defense, and it is not apparent from the face of Plaintiff's current complaint that Plaintiff's proposed amendments would be time-barred, the Court concludes that

---

[2] The Court further notes that claims for fraud must be alleged with particularity pursuant to Federal Rule of Civil Procedure 9(b). See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (Rule 9(b)'s specificity requirement applies to state law causes of action brought in a federal court under diversity jurisdiction).

the proposed amendments are not necessarily futile.

### 2. **Undue Delay**

Plaintiff has known that Hanson & Hales represented Defendant since 2002 and that they were associated with ASIL since January 2006 (Decl. Justin D. Hollander Supp. Mot. Amend Pleading ¶ 2; id. Ex. A-B), but failed to name Hanson & Hales in its original complaint filed in October 2006. Therefore, Defendant argues, the Court should deny Plaintiff's motion to amend the complaint to add Hanson & Hales as a defendant based on Plaintiff's undue delay in naming Hanson & Hales.

Undue delay by itself is insufficient to justify denying a motion to amend. See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). Rather, a motion to amend may only be denied based on undue delay if a district court makes a contemporaneous finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment. See id. Defendant has not raised any convincing arguments that Plaintiff's proposed amendments prejudices it, was motivated by bad faith, or are futile. Accordingly, the Court grants Plaintiff's motion to amend.

### **Conclusion**

For the reasons discussed, the Court **DENIES** Defendant's motion for judgment on the pleadings, **DENIES** Defendant's motion to dismiss for failure to join an indispensable party, and **GRANTS** Plaintiff's motion to amend. The Court grants Plaintiff 30 days from the time this order is filed to file an amended complaint consistent with this order.

IT IS SO ORDERED.

DATED: September 20, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

07cv52