1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HOWARD MILLS, Superintendent of       CASE NO. 07-CV-0052 H (AJB)
    Insurance of the State of New York, as

12   Rehabilitator of FRONTIER          **ORDER DENYING RAMONA**
    INSURANCE COMPANY IN           **TIRE, INC.'S MOTION TO**

13   REHABILITATION, a New York        **DISMISS PLAINTIFF'S FIRST**
    corporation,                     **AMENDED COMPLAINT**

14

                        Plaintiff,

15       vs.

16   RAMONA TIRE, INC., a California
    corporation; HANSON & HALES, an

17   unknown business entity; AUTOMOTIVE
    SERVICES INSURANCE LIMITED, a

18   Guernsey corporation; and DOES 1
    through 50, inclusive,

19

                      Defendants.

20

21

22       On January 8, 2007, defendant Ramona Tire, Inc. ("Ramona") removed the case

23   Frontier Insurance Company in Rehabilitation v. Ramona Tire, Inc., Case No. RIC459479,

24   from the Superior Court of the State of California, County of Riverside, to this Court. (Doc.

25   No. 1.) On October 19, 2007, plaintiff Howard Mills, Superintendent of Insurance of the State

26   of New York, as Rehabilitator of Frontier Insurance Company ("Plaintiff"), filed a first

27   amended complaint. (Doc. No. 25, see Doc. No. 23.)

28

             07cv52

1    The heart of this case is Plaintiff's allegation that Ramona defrauded Frontier Insurance

2  Company ("Frontier") via Automotive Services Insurance Limited ("ASIL"), a captive re-

3  insurance company created by Ramona.  Plaintiff contends that Ramona purposefully under-

4  capitalized ASIL so as to make it unable to comply with its contractual obligations to Frontier.

5  (Id.)  Based on this alleged wrong, the first amended complaint alleges seven claims for relief

6  against Ramona, Hanson & Hales (a business entity of unknown form) and ASIL: (1) fraud;

7  (2) false promise; (3) negligent misrepresentation; (4) unjust enrichment; (5) money had and

8  received; (6) conspiracy; and (7) breach of contract.

9    On November 7, 2007, Ramona filed a motion to dismiss the first amended complaint

10  for failure to plead fraud with particularity and failure to state a claim, pursuant to Rules 9(b)

11  and 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 31.)  On November 26, 2007,

12  Plaintiff filed a response in opposition to Ramona's motion.  (Doc. No. 33.)  Ramona filed a

13  reply on December 3, 2007.  (Doc. No. 38.)  The Court exercises its discretion to decide this

14  matter on the papers, without oral argument, pursuant to Local Civil Rule 7.1(d)(1).  For the

15  following reasons, the Court denies Ramona's motion to dismiss the first amended complaint.

16                              **Background**[1]

17    Frontier, a California corporation, is an insurance company.  (FAC ¶ 1.)  In

18  approximately 1999, Ramona contacted Frontier regarding obtaining a workers'

19  compensation insurance policy covering Ramona's employees as well as employees of

20  other entities controlled by or related to Ramona.  (Id. ¶ 14; see FAC Ex. 2.)  Under the

21  policy issued to Ramona ("the Policy") Frontier agreed to pay workers' compensation

22  claims made by Ramona.  (Id. ¶ 18.)

23    In lieu of a "traditional" workers' compensation insurance policy, however, Ramona

24  with the assistance of its attorneys Hanson & Hales created ASIL – a company

25  incorporated in Guernsey, one of the Channel Islands between England and France – as a

26  "captive" insurance company.  (Id. ¶¶ 15, 16.)  A captive insurance company is generally a

27

28    [1]    The following facts are based on the allegations in Plaintiff's first amended complaint,
which the Court assumes to be true for purposes of a motion to dismiss.  See Cahill v. Liberty Mut.
Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996).

subsidiary of an organization not in the insurance business; the captive's primary function is to insure some or all of the risks of its parent company. (Id. ¶ 15.)  In order to implement this arrangement, effective May 1, 1999, Frontier entered into a reinsurance agreement with ASIL under which ASIL agreed to reimburse Frontier for the first $250,000 of any single claim made by Ramona Tire under the Policy.  (FAC ¶ 17.)  Frontier's agreement to insure Ramona was based on Ramona's promise that its captive ASIL would reimburse Frontier for the first $250,000 of any claim by Ramona.  (Id. ¶ 19.)

Over the following five years Frontier paid to Ramona a total of $392,485.76 on 22 claims made under the Policy.  (Id. ¶ 20.)  Each time a claim was made, Frontier requested reimbursement from ASIL.  (Id. ¶ 21.)  The total amount for which Frontier sought reimbursement was $361,788 because one workers' compensation claim resulted in a payment of $278,000, which was $28,000 over the amount ASIL had agreed to reimburse for any single claim.  (Id.)  ASIL made two payments to Frontier, totaling $70,061.67.  (Id. ¶ 22.)  A balance remains for unreimbursed claims in the amount of $291,726.33.  (Id.)  Additionally, there are two open claims totaling $286,270.  (Id. ¶ 23.)  The total amount allegedly owed by ASIL to Frontier is $577,996.33.  (Id.)

On January 26, 2006, Hanson & Hales wrote to Frontier on ASIL's behalf, offering to resolve the Frontier/ASIL dispute.  (Id. ¶ 24.)  Hanson & Hales stated that Frontier had failed to timely inform ASIL of certain claims and that ASIL refused to reimburse Frontier on those claims.  (Id.)  Frontier responded to Hanson & Hales on April 18, 2006, explaining that certain claims were delivered late to ASIL because Hanson & Hales "incorrectly stated the date of the incident in its tender letter on behalf of Ramona."  (Id. ¶ 25.)  Frontier demanded payment of $577,996 from ASIL.  (Id.)  On May 30, 2006, Hanson & Hales wrote Frontier a letter stating that Hanson & Hales did not represent ASIL.  (Id. ¶ 26.)  On July 18, 2006, ASIL informed Plaintiff that ASIL was underfunded by its shareholders and was incapable of paying the claims as promised.  (Id. ¶ 27.)

///

///

<b><u>Discussion</u></b>

**I.      Motion to Dismiss Pursuant to Rule 9(b)**

Rule 9(b) of the Federal Rules of Civil Procedure provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b).  However, Rule 9(b) neither requires nor permits the pleading of detailed evidentiary matter – a plaintiff must simply identify "the circumstances constituting fraud" with sufficient particularity "so that the defendant can prepare an adequate answer."  <u>Walling v. Beverly Enterprises</u>, 476 F.2d 393, 397 (9th Cir. 1973).  Before deciding whether Plaintiff has complied with Rule 9(b), however, the Court must first determine which of Plaintiff's claims for relief are governed by that Rule.

When a plaintiff "allege[s] a unified course of conduct and rel[ies] entirely on that course of conduct as the basis of the claim[,] . . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003).  In other words, Rule 9(b) applies to any claim for which fraud is an "essential element."  <u>Id.</u> at 1105.  "Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  <u>Id.</u> (internal quotations omitted).

Two of Plaintiff's claims – fraud and false promise – obviously are fraud claims governed by Rule 9(b).  <u>See</u> <u>Lazar v. Superior Court</u>, 12 Cal. 4th 631, 638 (1996) ("'Promissory fraud' is a subspecies of the action for fraud and deceit.").  Additionally, the Court concludes that Rule 9(b) governs Plaintiff's claim for negligent misrepresentation.  Although Rule 9(b) ordinarily would not apply to a claim for negligent misrepresentation because knowledge of falsity and intent to defraud are not elements of such a claim, <u>see</u> <u>Masters v. San Bernardino County Employees Retirement Assn.</u>, 32 Cal. App. 4th 30 (1995), here Plaintiff has pled that claim by (1) incorporating every previous allegation of the complaint, <u>see</u> FAC ¶ 51, including allegations that the defendants knew ASIL would

- 4 -

not remain adequately capitalized; and (2) alleging that the defendants' conduct amounted to "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendants." (See FAC ¶ 50.) Pled in this fashion, the claim sounds in fraud. Vess, 317 F.3d at 1103. The same is true for Plaintiff's claim for conspiracy, because that claim is dependent upon allegations of fraud. See Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006).

As noted by Ramona in its motion to dismiss, Plaintiff attributes to Ramona two false statements. First, the defendants allegedly promised that ASIL would reimburse Frontier for the first $250,000 of each claim made on the Policy by Ramona. (See FAC ¶¶ 19, 33.) Second, Ramona allegedly promised, either expressly or impliedly, that ASIL would remain adequately capitalized.[2] (See FAC ¶ 34.) The first allegation is incorporated into each of Plaintiff's claims, while the second statement is pled only with respect to Plaintiff's claim for fraud. (FAC ¶¶ 32, 34, 44, 51, 57, 65, 69, 74.)

The Court concludes that these averments satisfy the requirements of Rule 9(b). By identifying the specific statement alleged to be false, as well as which defendants allegedly made or joined in the statement, Plaintiff has identified the circumstances constituting fraud with sufficient particularity for defendants to prepare an adequate answer. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). Although Plaintiff has relied on general averments with respect to defendants' intent to defraud and knowledge of falsity, Rule 9(b) expressly authorizes this approach. Many of the cases cited by Ramona are securities fraud cases, in which the Private Securities Litigation Reform Act of 1995 imposed "a very specific version of fact pleading – one that exceeds even the particularity requirement of [Rule] 9(b)." Makor Issues & Rights, Ltd. v. Tellabs, Inc., 437 F.3d 588, 594 (7th Cir. 2006); see In re GlenFed, Inc., Securities Litigation, 42 F.3d 1541, 1547 (9th Cir. 1994).

---

[2] Plaintiff also alleges that Hanson & Hales "made further representations to Frontier it knew to be false." (FAC ¶ 30.) This averment, while perhaps falling short of the specificity required by Rule 9(b), is not relevant for purposes of the present motion by Ramona. Hanson & Hales has filed its own motion to dismiss the first amended complaint. (Doc. No. 35.)

1    With respect to Plaintiff's claims against Ramona for fraud, false promise, and

2  negligent misrepresentation the Court DENIES Ramona's motion to dismiss pursuant to

3  Rule 9(b).  The Court further concludes that those claims survive Ramona's motion to

4  dismiss under Rule 12(b)(6).  As discussed below, Plaintiff's additional claims against

5  Ramona – unjust enrichment, money had and received, and conspiracy[3] – also survive

6  Ramona's Rule 12(b)(6) motion.

7  **II.     Rule 12(b)(6) - Legal Standard**

8    Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim

9  either where that claim lacks a cognizable legal theory or where insufficient facts are

10  alleged to support the plaintiff's theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d

11  696, 699 (9th Cir. 1990).  However, as stated recently by the Supreme Court, to survive a

12  Rule 12(b)(6) motion a complaint must contain factual allegations sufficient "to raise a

13  right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,

14  127 S.Ct. 1955, 1965 (2007).  A plaintiff's obligation under Rule 8(a)(2)'s notice pleading

15  standard is "to provide the grounds of his entitlement to relief [using] more than labels and

16  conclusions . . . ."  Id.  Although a complaint need not set forth "detailed factual

17  allegations" it must plead "enough facts to state a claim to relief that is plausible on its

18  face."  Id. at 1964, 1974.

19    The elements of a claim for unjust enrichment are (1) the receipt by a defendant of a

20  benefit, defined as "any form of advantage," (2) at another's expense, and (3) that it would

21  be unjust for the defendant to retain that benefit.  See Ghirardo v. Antonioli, 14 Cal. 4th 39,

22  51 (1996).  Here Plaintiff alleges that "[b]y issuing the Policy, Frontier conferred a specific

23  and direct benefit upon Ramona Tire."  (FAC ¶ 58.)  Plaintiff further alleges that Ramona

24  accepted this benefit knowing that Ramona was underfunding its captive ASIL and that

25  such underfunding would render ASIL unable to reimburse Ramona.  (Id. ¶ 59.)  Thus,

26  Plaintiff alleges, it would be inequitable for Ramona to retain the benefit conferred on it by

27

28    [3]    The Court does not consider Plaintiff's breach of contract claim here because it is
asserted only against defendant ASIL.

Frontier.  Taking as true these allegations, the Court concludes that Plaintiff has adequately pled a claim for unjust enrichment.

"A cause of action is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff."  Schultz v. Harney, 27 Cal. App. 4th 1611, 1623 (1994).  Here, the first amended complaint alleges that "[w]ithin the last four years, Ramona Tire became indebted to Frontier in the sum of $577,966.33 for money had and received by Ramona Tire for the use and benefit of Frontier."  (FAC ¶ 66.)  The Court concludes that this, along with the other allegations incorporated in Plaintiff's fifth cause of action, is sufficient to state a claim upon which relief can be granted for money had and received.

Although as discussed above Plaintiff's averments of fraud, including those incorporated in Plaintiff's conspiracy claim, satisfy Rule 9(b) the question remains whether Plaintiff has adequately pled that claim under Rule 12(b)(6).  "Under California law, '[t]o state a cause of action for conspiracy, the complaint must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts."  Wasco Products, Inc. v. Southwall Technologies, Inc., 435 F.3d 989, 992 (9th Cir. 2006) (quoting Cellular Plus, Inc. v. Superior Court, 14 Cal. App. 4th 1224 (1993)).  Plaintiff's first amended complaint satisfies the second and third requirements.  According to the allegations of the first amended complaint, the acts done pursuant to the defendants' conspiracy included the creation of ASIL knowing that it would be underfunded and therefore unable to reimburse Frontier for Frontier's payments to Ramona on claims under the Policy.  (See FAC ¶¶ 16, 25-29, 74.)  The alleged damage resulting from such acts is plainly alleged: $577,966.33.  (FAC ¶ 76.)

It is a closer question whether Plaintiff has adequately alleged "the formation and operation of the conspiracy."  See Wasco Products, Inc., 435 F.3d at 992.  Paragraph 75 of the first amended complaint alleges generally that "[a]ll Defendants knowingly and willfully conspired and agreed to commit the acts and things alleged herein," and that "Defendants did the acts and things alleged herein pursuant to, and in furtherance of a

conspiracy."  (FAC ¶ 75.)  However, Plaintiff's conspiracy claim incorporates by reference additional, more specific allegations, such as the allegation that Ramona "with assistance from its attorneys Hanson & Hales . . . created a captive insurer" ASIL, and the allegation that "Ramona Tire's claims [on the Policy] were made through Ramona Tire's counsel, Hanson & Hales."  (See FAC ¶ 74, 16, 20.)  The Court concludes that Plaintiff has adequately stated a claim for conspiracy.

## Conclusion

With respect to defendant Ramona, Plaintiff's first amended complaint states a claim upon which relief can be granted for fraud, false promise (intent not to perform), negligent misrepresentation, unjust enrichment, money had and received, and conspiracy.  To the extent that some of Plaintiff's claims are subject to the heightened pleading standard of Rule 9(b), Plaintiff has satisfied that standard as well.  Therefore the Court DENIES Ramona's motion to dismiss the complaint.

IT IS SO ORDERED.

DATED:  December 5, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

- 8 -

07cv52